FORSYTH COUNTY DEPARTMENT OF SOCIAL SERVICES, PE-
TITIONER v̇. JIMMY ALFRED ROBERTS AND VERNA MARIE
ROBERTS (IN THE MATTER OF: VICKIE MARIE ROBERTS, AGE
10; MICKEY ALFRED ROBERTS, AGE 7; NICKI A. ROBERTS,
AGE 4; AND RICKI R. ROBERTS, AGE 1), RESPONDENTS

No. 7421DC507

(Filed 6 November 1974)

Infants § 9— custody — no showing of changed circumstances

Trial court did not err in denying the parents' motion for custody of
their children where the parents did not show that circumstances had
changed which would require modification of the original order that
the children's legal and physical custody rest in the county depart-
ment. of social services.

APPEAL by Jimmy Alfred Roberts and Verna Marie Roberts
from *Alexander (Abner), District Court Judge,* 22 January
1974 Session of District Court held in FORSYTH County. Argued
in the Court. of Appeals 27 August 1974.

Upon petition filed by the petitioner, Forsyth County De-
partment of Social Services, an immediate custody order was
signed by District Court Judge Henderson on 8 May 1972 remov-
ing the above-named children from their parents' home and plac-
ing them in the temporary physical custody of petitioner. On
12 May 1972 an evidentiary hearing was conducted in the cause,
at the conclusion of which Judge Henderson determined that
the children were neglected children. The judge awarded legal
and physical custody of the children to petitioner for the purpose
of placing them in suitable foster homes.

On 17 January 1973 the respondents, Jimmy Alfred Roberts
and Verna Marie Roberts, father and mother of the above-
named children, filed a motion in the cause for a review of the
custody order heretofore entered. A hearing on respondents'
motion was conducted before District Court Judge Sherk on
14 February 1973. Judge Sherk entered an order dated 27
February 1973 continuing the legal and physical custody of the
children in petitioner.

On 21 September 1973 respondents filed a motion for return
of custody of the children to their parents. On 23 November 1973
District Court Judge Alexander ordered an investigation by the
counselor of the Family Counseling Service. An investigation
was conducted, and the counselor's report was filed prior to
the hearing from which this appeal was taken.

The cause was heard by Judge Alexander on the 22nd and 23rd of January, 1974, at which time evidence was offered by respondents and petitioner. At the conclusion of the hearing, Judge Alexander denied the parents' (respondents') motion for custody and ordered that the children remain wards of the court and that the legal and physical custody of the children remain in the Forsyth County Department of Social Services. Respondents appealed.

*Chester C. Davis, for petitioner, Forsyth County Department of Social Services.*

*The Legal Aid Society of Forsyth County, by Bertram Ervin Brown II, for respondents, Jimmy Alfred Roberts and Verna Marie Roberts.*

BROCK, Chief Judge.

The motion filed in the trial court by respondents seeks a modification or change of three prior orders awarding custody of respondents' minor children to the petitioner, Forsyth County Department of Social Services. Such a motion should be based upon change of conditions, and the prior orders should be modified only upon appropriate showing and finding of material change of conditions which, in the best interest of the children, require a modification. 4 Strong, N. C. Index 2d, Infants, § 9.

Without recounting respondents' evidence, or lack thereof, we are of the opinion that the trial court was correct in concluding that little or no evidence was introduced from which it could be found that respondents would care for the physical, emotional, and educational needs of their children any better than in May of 1972 (the date of the original hearing in this cause).

Respondents argue at great length concerning their exceptions to the admission of evidence, particularly the report of the counselor of the Family Counseling Service. Assuming, without deciding, that respondents' contentions that the admission of this evidence was irrelevant to the inquiry, nevertheless, we are of the opinion that it was not prejudicial. Had the evidence to which respondents take exception been ruled out, the results would have been the same. The failure of respondents to prevail on their motion was a result of their failure to offer evidence from which a material change of circumstances could be found.

We find no prejudicial error in the hearing and no abuse of discretion by the trial judge in the entry of the order from which this appeal was taken.

Affirmed.

Judges MORRIS and MARTIN concur.