CONNIE KARNELLIA SHIPMAN v. JOSEPH ARTHUR KIRKWOOD SHIPMAN

No. 7429DC1030

(Filed 19 March 1975)

1. Divorce and Alimony § 23— modification of child support order — remarriage of defendant — no change of circumstances

Evidence that defendant had married and was living with his wife and their child did not require a finding of a change of circumstances

and a modification of a child support order where defendant was living with those same two persons at the time of the court's most recent order and that fact was referred to in the order.

2. **Divorce and Alimony § 23— modification of child support order — change in circumstances since most recent order.**

In determining a motion for modification of a child support order, the court was not required to consider changes in the circumstances from the time of the original order to the present but could consider only changes in circumstances since entry of the most recent order.

APPEAL by defendant from *Hart, Judge.* Judgment entered 9 September 1974 in District Court, HENDERSON County. Heard in the Court of Appeals 19 February 1975.

Plaintiff Connie Shipman instituted this action against her husband for alimony without divorce, child custody and support. In an order dated 31 August 1973, entered by consent of the parties, plaintiff was awarded custody of the child and defendant was required to make child support payments of $120.00 every two weeks. On 27 March 1974 defendant moved for a reduction of support payments on the ground that his income had decreased. By order dated 8 April 1974, the district court denied this motion. Therein the court found, *inter alia,* that subsequent to the entry of the order dated 31 August 1973, "[T]he defendant was engaged in employment at a variety of places at the same time whereby he was making a salary of Four Hundred Twenty-Five Dollars ($425.00) every two weeks and that during the course of the time elapsing between the Order [31 August 1973] and the date of this hearing, that the defendant on his own motivation and without any bona fide reason ceased to work at said places of employment." "[T]he defendant is presently maintaining a separate home away from the plaintiff and child born of the marriage and that in the course of maintaining said separate home he is applying funds toward the support and maintenance of two other individuals." In the order dated 8 April 1974, the court concluded that no substantial change in circumstances had occurred involving the support and maintenance of the child since the entry of the order dated 31 August 1973. No appeal was taken from the 8 April 1974 denial of defendant's motion for reduction.

In May 1974 plaintiff was granted an absolute divorce from defendant. Thereafter defendant married Mary Longdale, with whom he had been living and by whom he had had a child. In August 1974 defendant filed another motion for reduction of

support payments. From evidence offered upon the hearing of defendant's latter motion for reduction of payments, the court found no change of circumstances since entry of the 8 April 1974 order. The court again denied the motion for reduction of payments. Defendant appealed.

*Tharrington, Smith & Hargrove, by Peter E. Powell, for the plaintiff.*

*Prince, Youngblood & Massagee, by James E. Creekman, for the defendant.*

BROCK, Chief Judge.

[1]    The 8 April 1974 order found that defendant was currently earning $92.00 per week. Defendant's evidence at the August 1974 hearing was that he was currently earning $101.00 per week. Clearly this does not show a change justifying a reduction in payments. Defendant's evidence at the August hearing showed that subsequent to May 1974 he married Mary Shipman and was currently living with her and their child. But his evidence also clearly showed that they were the same "two other individuals" with whom he was living at the time of entry of the 8 April 1974 order. This evidence requires neither a finding of a change of circumstances nor a modification of the former support order.

Defendant makes no exception to the findings of fact. He seems to argue that the fact of his marriage subsequent to the 8 April 1974 order requires a finding of a change of circumstances. In the first place, as we have hereinabove pointed out, defendant's evidence shows that he was living with his present wife and child prior to the entry of the 8 April 1974 order. Although the legal status between him and his present wife has changed since 8 April 1974, there is absolutely no showing of a substantial change in his financial status since 8 April 1974. In the second place, payment of support for a child of a former marriage may not be avoided merely because the husband has remarried and thereby voluntarily assumed additional obligations. *See Sayland v. Sayland*, 267 N.C. 378, 148 S.E. 2d 218 (1966).

[2]    Defendant strenuously argues that the trial court committed error by refusing to consider circumstances at the time of entry of the 31 August 1973 order and changes from that time to the present. We do not agree with this argument. "It is generally recognized that decrees entered by our courts in

child custody and support matters are impermanent in character and are *res judicata* of the issue *only so long as the facts and circumstances remain the same as when the decree was rendered.*" *Crosby v. Crosby,* 272 N.C. 235, 237, 158 S.E. 2d 77 (1967). In this case defendant has failed to offer evidence of change of circumstances since entry of the 8 April 1974 decree.

Defendant cites *Dept. of Social Services v. Roberts,* 23 N.C. App. 513, 209 S.E. 2d 374 (1974), in support of his argument that the court must consider again, on each subsequent application for change, the entire circumstances and their developments since entry of the original order in a custody, support, or alimony case. Defendant has misread the meaning and purport of *Roberts.* The statement in· the opinion of this Court in *Roberts* to which defendant points was· merely an agreement with an observation of the trial judge. The case was decided on the basis of a failure to show a change of circumstances since the entry of the most recent decree.

Affirmed.

Judges VAUGHN and MARTIN concur.