KATHY ANN NEWMAN v. JAMES MICHAEL NEWMAN

No. 8223DC959

(Filed 20 September 1983)

1. **Divorce and Alimony § 24.9— modification of child support order—findings of fact insufficient and not supporting order**

    The trial court erred in decreasing the amount of child support due plaintiff where the court failed to consider evidence and make findings of fact on the child's actual expenditures or present reasonable needs, findings of fact on the parties' estates, findings of fact on the parties' expenses, and where the findings on the parties' incomes were disparate.

2. **Divorce and Alimony § 24.6— child support—evidence of changed circumstances erroneously considered**

    The trial court erred in a proceeding to modify child support by considering changes in circumstances which predated the most recent order of child support, the presence or absence of support for defendant's stepchildren, and in considering plaintiff's present husband's income in determining the parties' relative ability to pay without considering the relationship of the stepparent to the stepchild.

APPEAL by plaintiff from *Osborne, Judge.* Order entered 27 May 1982 in District Court, YADKIN County. Heard in the Court of Appeals 22 August 1983.

Plaintiff appeals from a decision of the trial court granting defendant's motion to decrease the amount of child support payments.

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham, for plaintiff appellant.*

*Franklin Smith for defendant appellee.*

BECTON, Judge.

I

Plaintiff wife and defendant husband were married in November 1969. They lived together until 16 July 1978. On 22 November 1978 they entered into a separation agreement. Under the terms of the agreement, the wife received custody of the parties' one minor child and child support in the amount of $50 per week. On 16 October 1979 the parties obtained an absolute divorce. Shortly thereafter, the wife sought an increase in child support alleging a change in the child's needs and an increase in the husband's ability to pay. In an order entered 6 August 1980, Judge Ralph Davis, Yadkin County District Court, granted an increase in child support to $80 per week.

On 16 February 1982, the husband filed a motion to reduce the child support payments based on a change in circumstances — his wife's remarriage and increased earning capacity. In an order entered 27 May 1982, Samuel L. Osborne, Yadkin County's Chief District Court Judge, made the following findings of fact regarding the financial standing of the parties:

At the time of the hearing before Judge Davis, the plaintiff was unemployed, but she resumed working in January of 1981, and is presently employed and has a gross income of about $750.00 per month. The plaintiff has remarried and has no other children. Her present husband is regularly employed and earns about $4.85 per hour.

Plaintiff and her husband live in a fairly new mobile home which is paid for and was purchased with part of the

$20,000.00 received from the defendant pursuant to the Separation Agreement, which mobile home is parked on land owned by the plaintiff's parents. During the past year, the defendant had gross income for tax purposes of about $58,000.00; however, the defendant has actual income of only about $325.00 per week take-home pay.

The defendant owns about a one-fourth interest in a well-drilling business, and at the present time, the business is in a slump due to economic conditions. The defendant has remarried and presently has three step-children residing in the home. His present wife receives only the sum of $300.00 per month in child support.

Based upon these findings of fact, Judge Osborne concluded as a matter of law that there had been a "substantial change of circumstances" since the 6 August 1980 order. Defendant was granted a reduction in child support from the previous $80 per week payment to $50 per week. Plaintiff appeals.

## II

[1] The wife first argues that the trial court's findings of fact do not support an order decreasing child support. We agree.

An order for child support may be modified upon motion and a showing of changed circumstances by either party. N.C. Gen. Stat. § 50-13.7(a) (1981). N.C. Gen. Stat. § 50-13.4(c) (1981) sets out the factors to be considered in determining the amount of child support. Our Supreme Court has recently reiterated the need for findings of specific fact in child support orders.

Under G.S. 50-13.4(c) . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents. . . . It is not enough that there may be evidence in the record sufficient to support findings which could have been made.

*Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). Not only must the trial court hear evidence on each of the factors listed above, but the trial court must also substantiate its conclusions of law by making findings of specific facts on each of the listed factors. *See Steele v. Steele*, 36 N.C. App. 601, 244 S.E. 2d 466 (1978). The trial court must hear evidence and make findings of specific fact on the child's actual past expenditures and present reasonable expenses to determine "the reasonable needs of the child." *Steele* at 604, 244 S.E. 2d at 469; *Daniels v. Hatcher*, 46 N.C. App. 481, 484, 265 S.E. 2d 429, 432, *disc. rev. denied*, 301 N.C. 87, --- S.E. 2d --- (1980). Further, the trial court must hear evidence and make findings of fact on the parents' income, estates (e.g., savings; real estate holdings, including fair market value and equity; stocks; and bonds) and present reasonable expenses to determine the parties' relative ability to pay. *Steele* at 604, 244 S.E. 2d at 469; *Daniels* at 484, 265 S.E. 2d at 432.

In the case before us, the trial court failed to consider evidence and make findings of fact on the child's actual past expenditures or present reasonable needs. In addition, the trial court's findings on the parties' income were disparate: the wife's approximate *gross monthly* income; her present husband's approximate *gross hourly* wage; the husband's *net weekly* wage; *no finding* on his present wife's income. The court failed to make findings of fact on the parties' estates beyond stating that the wife owned a mobile home and the husband owned a one-fourth interest in a well-drilling business. The evidence showed that the husband also owned a house and that the value of his interest in the business had increased through stock dividends. The trial court made no findings of fact on the parties' expenses.

For the foregoing reasons the trial court's order decreasing child support is not based on sufficient findings of fact.

### III

[2] The wife excepts and assigns error to the trial court's consideration of circumstances which predated the most recent order (6 August 1980) in determining a change in circumstances.

In modifying a child support order the trial court should consider only changes in circumstances since entry of the most recent order. *Shipman v. Shipman*, 25 N.C. App. 213, 216, 212 S.E.

2d 415, 417 (1975). The trial court examined the husband and made findings of fact on the amount of child support his present wife received for her three children by a prior marriage. The husband had remarried on 15 November 1979, prior to the entry of the 6 August 1980 order. Since the husband had already remarried at the time of the 6 August 1980 order, the amount of child support received by his present wife was a factor to be considered in the 6 August 1980 order. Under *Shipman,* a trial court seeking to modify an order may consider only changes in circumstances since that entry date. In this case, the trial court based its conclusions on inappropriate findings. The child support for the husband's stepchildren did not represent a change in circumstances.

Further, on the facts of this case, the presence or absence of support for defendant's stepchildren should not be a factor in modifying the 6 August 1980 order. "Payment of support for a child of a former marriage may not be avoided merely because the husband has remarried and thereby voluntarily assumed additional obligations." *Shipman* at 215, 212 S.E. 2d at 417. The lack of adequate support for the husband's stepchildren does not justify a reduction in child support payments for the husband's own child.

IV

The wife excepts and assigns error to the trial court's finding of fact on her present husband's income in determining the parties' relative ability to pay. The trial court found that the wife's present husband was "regularly employed" and earned "about $4.85 per hour." A stepparent is not under a blanket obligation to support children of his spouse's former marriage. 3 R. Lee, *North Carolina Family Law* § 238 (4th ed. 1981). Lee points out that a stepparent's liability rests on whether he has voluntarily taken the stepchild into his home "in such a way that he places himself *in loco parentis* to him." The trial court must draw this conclusion based on the particular facts of the case. *Id.* The trial court failed to hear evidence on this issue. Findings of fact must be supported by competent evidence. *Coble* at 714, 268 S.E. 2d at 189. The trial court based its conclusions on faulty findings of fact.

For the above reasons, the order is vacated as to the decreased child support payments, and the matter is remanded for further findings.

Vacated and remanded.

Chief Judge VAUGHN and Judge HILL concur.