BETTIE BROADWAY LITTLE v. GLENN K. LITTLE, II

No. 8420DC95

(Filed 2 April 1985)

1. **Divorce and Alimony § 30— accident insurance proceeds as marital property**

   Accident insurance benefits paid to the husband to compensate him for his lost ability to work at gainful employment after a motorcycle accident left him partially paralyzed constituted marital property.

2. **Divorce and Alimony § 30— equitable distribution—failure of order to list all marital property**

   The trial court's order in an action for equitable distribution was fatally defective where it failed to contain a complete listing of the marital property.

3. **Divorce and Alimony § 30— deficient order of equitable distribution**

   The trial court's equitable distribution order was deficient in failing to value a second house and lot and a van which constituted marital property and in valuing the husband's current savings inconsistently.

4. **Divorce and Alimony § 30— valuing marital property**

   Net value rather than fair market value is the proper measure for valuing marital property for equitable distribution.

5. **Divorce and Alimony § 30— unequal distribution of marital property—insufficient findings**

   Although the trial court did make findings concerning the incomes of both parties and the monthly expenses of the wife and concluded that the wife was healthy and employed and the husband disabled and in need of care for his condition, the trial court's order did not contain sufficient findings to support an unequal division of the marital property where the court failed to make findings as to the husband's monthly expenses, the need of the custodial parent, the wife, to own or occupy the marital residence, any expectation of nonvested pension or retirement rights, the liquid or nonliquid character of the marital property, and the tax consequences to each party. G.S. 50-20(c)(1), (4), (5), (9) and (11).

6. **Divorce and Alimony § 24.1— child support order—insufficient findings**

   The trial court's child support order was insufficient where the court failed to make any findings as to the father's present reasonable expenses and the estates of both parties, taking into account the distribution of marital property.

APPEAL by plaintiff from *Huffman, Judge.* Judgment entered 7 October 1983 in District Court, ANSON County. Heard in the Court of Appeals 23 October 1984.

*E. A. Hightower and Charles M. Welling, for plaintiff appellant.*

*Larry E. Harrington for defendant appellee.*

BECTON, Judge.

I

This appeal deals with an unequal equitable distribution of marital property and an award of child support. Plaintiff wife filed her Complaint on 20 April 1983, seeking an absolute divorce, and custody of, and support for, the parties' minor child. On 11 May 1983, the wife filed an application and motion for an equitable distribution of the marital assets. Defendant husband filed an Answer and Counterclaim on 24 May 1983, praying that the wife be required to contribute to the support of the child from her own earnings.

A prior action had been filed by the husband in which he, as plaintiff, had sought a divorce from bed and board from his wife. An interlocutory order was entered in that action on 11 October 1982, which gave the wife custody of the child and also directed the father to pay $100 per month as child support. The record on appeal contains a judgment of absolute divorce dated 13 June 1983. This judgment was apparently entered in the present case, although this is not altogether clear.

In the present action, the trial court entered its order of equitable distribution on 7 October 1983. In the order, the court distributed the marital assets unequally, awarding the greater portion to the husband, and also reduced the amount of child support payable by the husband to $25.00 per month.

The wife contends on appeal that (1) the trial court failed to comply with various aspects of N.C. Gen. Stat. Sec. 50-20 (1984), and (2) that it erred in reducing the amount of child support. We agree with the wife that the trial court failed to comply with G.S. Sec. 50-20 (1984) in distributing the marital property, and also find that the trial court committed error in that portion of the order setting child support. We therefore vacate the order of the lower court, and remand for further proceedings.

## II

Factual Background

The parties to this action were married on 22 September 1973. With the exception of some unspecified personal belongings and two automobiles that were not paid for, neither party owned any property, real or personal, at the time of the marriage. One child, Glenn K. Little, III, was born of the marriage, on 21 January 1978. On 2 June 1979, the husband was injured in a motorcycle accident that left him partially paralyzed from the waist down. The parties separated on 19 April 1982, and were divorced on 13 June 1983.

The parties owned a marital dwelling as tenants by the entireties. This dwelling was built on a half-acre lot conveyed to the parties by the husband's parents. The parties do not dispute that this conveyance was a gift and that the lot became marital property. Subsequent to this conveyance, the parties executed a note, secured by a deed of trust, in the amount of $21,000 to finance the construction of the house.

Prior to the marriage, the husband was issued a life insurance policy with accident benefits, and after his injury, on 3 October 1980, he was paid proceeds in a lump sum of $100,000 as "Family Accident Benefits." In addition, the husband's insurance paid his medical and hospital bills. As an insurance policy of the wife's also paid these bills, the sum of $6,195.43 was refunded to the husband in February 1980.

The proceeds of both insurance policies were deposited in the parties' joint bank account. These proceeds were utilized to pay off the mortgage of $19,236.33 on the family home, to pay off the balance due on their two automobiles, a 1979 Oldsmobile and a 1981 Mazda, and to purchase a $50,000 certificate of deposit in the joint names of the parties. Upon maturity, the wife withdrew the certificate and purchased a second certificate with the principal and interest in the amount of $52,900, again in the parties' joint names. At some point thereafter, the husband closed the joint bank account, and also withdrew the second certificate before it had matured. It was apparently at this point that the husband purchased a Chevrolet van, specially equipped for a handicapped person, and a second house and lot (also described as a "store lot

and building" and an "exercise building"); opened savings and/or checking accounts; and purchased a certificate or certificates of deposit, all in his name alone.

In making its order of equitable distribution, the trial court identified the following property as marital property: (1) the lot on which the marital dwelling was built, (2) the marital dwelling, (3) the 1979 Oldsmobile, (4) the 1981 Mazda, (5) the insurance policy proceeds, and (6) certain listed items of personalty, mostly furniture. The trial court concluded that although the insurance policy proceeds were marital property, an equal distribution of them would not be equitable because the wife was healthy and gainfully employed, and the husband disabled and in need of the proceeds. The court next concluded that an equal distribution of all property acquired during the marriage, other than the insurance policy proceeds, would be equitable.

Following from its conclusions that an equitable distribution would entail awarding to the husband all marital property obtained with the insurance proceeds, and dividing all the other marital property equally between the parties, the trial court, in the distributive portion of the order, awarded the marital property as follows: The husband was awarded the marital dwelling and lot, the Chevrolet van, $21,183.77 in savings and checking accounts, and possession of the majority of the jointly-owned personalty. The wife was awarded the Oldsmobile, the Mazda, and the remainder of the personalty. The order also directed the husband to pay the wife the sum of $8,434.23, $6,381.23 of which represented her one-half interest in the marital dwelling, once the $19,236.33 mortgage payment (which payment was made with the insurance proceeds) was subtracted from the fair market value of $32,000, and the remaining $2,053.00 of which represented her one-half interest in the personalty retained by the husband.

III

We note at the outset a failing lamentably common to appeals from equitable distribution orders—neglect of the Rules of Appellate Procedure. *See Wade v. Wade*, 72 N.C. App. 372, 325 S.E. 2d 260 (1985); *Alexander v. Alexander*, 68 N.C. App. 548, 315 S.E. 2d 772 (1984). The wife lists eleven assignments of error, presenting several distinct questions of law, under a single broad argument that the trial court did not comply with G.S. Sec. 50-20

(1984). Despite the resultant violations of Rules of Appellate Procedure, Rules 10 and 28, we exercise our discretion and treat this appeal on its merits.

This case is governed by North Carolina's Equitable Distribution Act (the Act), N.C. Gen. Stat. Secs. 50-20 and -21 (1984). The Act requires the trial court to first determine what constitutes marital property, to then determine the net market value of that property, and finally, to distribute it based on the equitable goals of the statute and the specific statutory factors. *See, e.g., Alexander v. Alexander; Turner v. Turner*, 64 N.C. App. 342, 307 S.E. 2d 407 (1983). We conclude that at each stage of the procedure by which equitable distribution is accomplished the trial court committed reversible error. We address each stage separately.

[1]    A. The first task of the trial court in an action for equitable distribution is to ascertain, based upon appropriate findings of fact, what is marital property. G.S. Sec. 50-20(a) (1984); *Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33 (1985); *Alexander v. Alexander.* We note preliminarily that the trial court properly concluded that the insurance proceeds were marital property.

Marital property includes personal property acquired by a spouse during the marriage, with the specific exceptions of property acquired by "bequest, devise, descent, or gift." G.S. Sec. 50-20(b)(2) (1984). As the insurance proceeds were not acquired by bequest, devise, descent, or gift, the legislature did not exempt them from incorporation in the pool of assets denominated "marital property."

Furthermore, the majority rule from other jurisdictions appears to be that absent a statute to the contrary, "claims and awards for personal injuries resulting from occurrences during the marriage are generally treated as marital property." 1 *Valuation and Distribution of Marital Property* Sec. 18.05 [5], at 18-75 (J. McCahey ed. 1984); *see also id.* at Sec. 20.03 [3][d]; 2 *Valuation and Distribution of Marital Property, supra*, Sec. 23.07 [1][c]; L. Golden, *Equitable Distribution of Property* Secs. 6.24 to -.26 (1983). This result has been reached on the grounds that the award or settlement does not fit the statutory definition of separate property, *e.g., Platek v. Platek*, 309 Pa. Super. 16, 454 A. 2d 1059 (1982); *Nixon v. Nixon*, 525 S.W. 2d 835 (Mo. Ct. App. 1975), and justified on the grounds that the money represents

wages, and enables the injured spouse to provide for his family as he presumably would have done had he not been injured. *In re Gan*, 83 Ill. App. 3d 265, 404 N.E. 2d 306 (1980). Although a court may, for equitable reasons, ultimately award the greater portion of the settlement or proceeds to the injured party, this does not change their essential character as marital property. *See In re Mack*, 108 Wis. 2d 604, 323 N.W. 2d 153 (1982).

We are aware that some courts distinguish between money realized as compensation for pain and suffering as the personal property of the injured spouse, and that portion of an award representing lost wages and medical expenses as marital property. *Amato v. Amato*, 180 N.J. Super. 210, 434 A. 2d 639 (1981); *In re Brown*, 100 Wash. 2d 729, 675 P. 2d 1207 (1984); *Rich v. Rich*, --- Misc. 2d ---, 483 N.Y.S. 2d 150 (1984) (noneconomic loss is separate property, economic loss marital property). In the instant case, however, the trial court made the following unexcepted-to finding of fact: "The $100,000 paid to husband for the disability was a sum provided to compensate him for his lost ability to work at gainful employment." As these proceeds were intended as exclusive recompense for defendant's lost wages and medical expenses, we find that the trial court correctly characterized them as part of the marital estate subject to distribution.

[2]   The problem with the trial court's determination of marital property is that the order contains only a partial listing thereof. G.S. Sec. 50-20(a) (1984) makes it incumbent upon the court to determine what is marital property, which G.S. § 50-20(b)(1) (1984) defines as "all real and personal property" falling within the scope of the statute. Thus, the Act mandates a complete listing of marital property, and an order that fails to do so is fatally defective. In this case, the court neglected entirely to list, value, or award the second house and lot. Although it awarded the Chevrolet van and various bank accounts to the husband, it never stated whether they were marital property. Perhaps the trial court intended for its conclusion that the insurance proceeds were marital property to be extrapolated and applied to all property purchased with the proceeds; however, marital property is not to be identified by implication. *See Wade v. Wade* (court below must identify marital property with sufficient detail to permit proper appellate review). In addition, the trial court's identification of marital property was interspersed throughout the findings of fact,

conclusions of law, and the distributive award. This has resulted in some confusion in reviewing the record on appeal.

[3, 4] B. After identifying marital property, the trial court must determine the net (market) value of the marital property as of the date of separation. G.S. Sec. 50-20(c) (1984); G.S. Sec. 50-21(b) (1984); *Alexander v. Alexander* (defining net value). In the case *sub judice*, the court completely failed to value the second house and lot and the Chevrolet van. It valued the defendant's current savings inconsistently, using a figure of $21,000 in one place, and $30,000 in another; no competent evidence seems to support either figure. The order is unclear whether the Mazda was ever paid for in full, which casts doubt upon the finding of that vehicle's net value. The finding that the marital dwelling had a fair market value, rather than a net value, of $32,000, is harmless error only because there were no encumbrances against the property, and that, therefore, net value and fair market value happened to be the same. We emphasize that net value, rather than fair market value, is the proper measure for valuing marital property for equitable distribution. *See Wade v. Wade.* Plaintiff also submits it was error for the court to value the marital dwelling as of 9 April 1982 rather than 19 April 1982, the date of separation. This appears to be a typographical error, and is nonprejudicial in any event.

[5] C. Finally, the order did not contain sufficient findings upon which an unequal distribution of marital property must be based. The Act mandates an equal division of the marital property unless the court determines that such division is not equitable. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). In that event, the court may order an unequal distribution after making written findings based upon relevant statutory and nonstatutory factors. Our opinion in *Alexander v. Alexander* declared: "[T]he trial court should clearly set forth in its order findings of fact based on the evidence which support its conclusion that an equal division is not equitable." 68 N.C. App. at 552, 315 S.E. 2d at 776. *Alexander* has been expressly followed. *E.g., Wade v. Wade; Brown v. Brown*, 72 N.C. App. 332, 324 S.E. 2d 287 (1985).

Although the trial court did make some findings concerning the income of both parties and the monthly expenses of the wife,

Little v. Little

and also concluded that the wife "remains healthy" and that husband "is disabled, and needs care and attention for his condition," other factors plainly raised by the evidence were ignored — for example, the husband's monthly expenses, G.S. Sec. 50-20(c)(1) (1984), the need of the custodial parent, the wife, to own or occupy the marital residence, G.S. Sec. 50-20(c)(4) (1984), any expectation of nonvested pension or retirement rights, G.S. Sec. 50-20(c)(5) (1984), the liquid or nonliquid character of the marital property, G.S. Sec. 50-20(c)(9) (1984), and the tax consequences to each party, G.S. Sec. 50-20(c) (11) (1984). Clearly, the order is deficient in the findings of fact required to justify an unequal division of marital property.

## IV

The wife next argues that the trial court erred in reducing from $100 to $25 per month the amount of child support paid by the husband to the wife for support of their minor child. The wife shows that the trial court made no finding that there had been a substantial change in circumstances, and argues that such a finding is required to support an order decreasing child support payments. N.C. Gen. Stat. Sec. 50-13.7 (1984); *Newman v. Newman,* 64 N.C. App. 125, 306 S.E. 2d 540, *disc. rev. denied,* 309 N.C. 822, 310 S.E. 2d 351 (1983). Although the wife is incorrect in her contention that a showing of changed circumstances is necessary in this case, the trial court's determination of child support was not in accordance with applicable law for other reasons.

In the current action, the wife sought an absolute divorce, custody and support of the minor child, and equitable distribution of the marital assets. In the earlier action filed by the husband for divorce from bed and board, the court entered an order "pending further order," which, *inter alia,* granted the wife custody of the child, and ordered that the husband pay $100 per month child support. The order was devoid of any findings concerning the child's needs, or the relative abilities of the parties to provide support, and recited that its provisions were "completely and totally without prejudice with regard to the respective rights of the parties" concerning equitable distribution and child support. The order entered in the instant case was manifestly the first time a determination on the merits of the issue of child support was made. There was therefore no need for the trial court to make any finding or findings relating to changed circumstances.

[6] The trial court did fail, however, to make certain obligatory findings of fact in setting the amount of child support. N.C. Gen. Stat. Sec. 50-13.4(c) (1984) provides:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

In interpreting G.S. Sec. 50-13.4(c) (1984), our Supreme Court has held that orders for child support must be based upon the interplay of the trial court's conclusions of law as to the amount of support necessary to meet the reasonable needs of the child and the relative abilities of the parents to provide that amount. These conclusions must, in turn, be based upon factual findings sufficiently specific to indicate to the appellate court that the trial court took due regard of the estates, earnings, conditions and accustomed standard of living of both child and parents. *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). *Accord Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985) at 7-9.

In the case before us, the trial court made findings as to (1) the monthly income of the child from Social Security and interest on a certificate of deposit in his name, (2) the monthly expenses of the child, (3) the monthly incomes of both parents, and (4) the average monthly expenses of the wife. Based on these findings, the trial court concluded that the child's needs in excess of his income were $66.50, that the husband was able to pay $25 per month of that amount, and accordingly ordered the husband to pay the wife monthly child support of $25.

The trial court made no finding pertaining to the husband's average expenses. Nor were there any findings pertaining to the estates of the parties. Before child support may be set, "the trial court must hear evidence and make findings of fact on the parents' income[s], estates (e.g., savings; real estate holdings, including fair market value and equity; stocks; and bonds) and present reasonable expenses. . . ." *Newman v. Newman*, 64 N.C. App. at 128, 306 S.E. 2d at 542. Without such findings, the trial court cannot properly determine the parties' relative abilities to pay.

*Id.* Therefore, the trial court's failure to make any findings as to the husband's present reasonable expenses, and the estates of both parents, taking into account the distribution of marital property, was reversible error, and the child support portion of the order is remanded on that basis. We also note that the trial court did not state its conclusions of law separately, but included them within the factual findings. Upon remand, we encourage the court to adopt the more preferable format of stating its factual findings and conclusions of law separately.

## V

In conclusion, we vacate the order of the trial court, and remand this cause so that the marital property may be equitably distributed according to applicable law as outlined in this opinion, and we also remand so that child support may be determined in a manner not inconsistent with this opinion.

Vacated and remanded.

Judges ARNOLD and WELLS concur.