LAURA DARDEN, Plaintiff,
v.
JAMES THOMAS DARDEN, Defendant.
No. COA09-994.
Court of Appeals of North Carolina.
Filed April 20, 2010.
No brief for plaintiff-appellee.
Nix & Cecil, by Lee M. Cecil, for defendant-appellant.

UNPUBLISHED OPINION
MARTIN, Chief Judge.
Defendant challenges an order which dismissed his motions to modify child support and spousal support and classified his child support and alimony obligations as permanent.
Plaintiff and defendant were married 15 August 1998 and had one child, R. D., born 10 March 2000. In October 2003, plaintiff filed a complaint requesting custody of the minor child, divorce from bed and board, post-separation support and permanent alimony, possession of the marital home, child support, and equitable distribution. On 5 May 2004, an order was entered requiring defendant to pay plaintiff $337.50 per week in support of plaintiff and the minor child. An order entered 22 February 2007 stated that "the Family Support payment set out in the April, 2004 Order should continue, EXCEPT that the Defendant is no longer obligated to provide health insurance for the Plaintiff as she has that presently through her employer." On 25 January 2008, defendant filed a motion asking for allocation of which portion of the "family support" was for spousal support for tax purposes and which portion was for child support. Defendant also sought a reduction in his child support obligation and termination of spousal support because of a reduction in his income. Defendant filed a subsequent pro se motion on 28 January 2009 requesting a reduction in child support. For reasons which are not entirely clear from the record, defendant's motion to modify was not addressed until the 9 April 2009 hearing, almost sixteen months after the filing of defendant's original motion. In the trial court's order entered 14 April 2009, the court dismissed both of defendant's motions to modify as "legally insufficient." Defendant appeals.
Defendant argues that the trial court erred in dismissing his motion to modify child support and spousal support and in concluding as a matter of law that the 22 February 2007 order established a permanent alimony obligation. We conclude that several of the trial court's findings of fact are not supported by the record before us, and its conclusion to dismiss the action is, therefore, not supported by the findings.
In Paragraph 2 of its findings, the trial court found that the support obligations in the 5 May 2004 order were "made permanent by the Order filed February 22, 2007." However, the 22 February 2007 order provides only that "the Family Support payment set out in the April, 2004 Order should continue" and does not amount to a permanent award. In Paragraph 3 of its findings of fact, the trial court found that "[t]he Defendant provided Plaintiff with discovery and has acknowledged in open court that since the filing of the January 25, 2009 Motion the Defendant has earned approximately $78,000.00 in 2008." There is no evidence in the record before us that defendant was employed after the filing of the 25 January 2008 motion. In Paragraph 4, the trial court found "[t]he Defendant's motion filed January 28, 2009 does not allege a substantial change in circumstances since the entry of the February 22, 2007 Order. The Defendant further acknowledged in open Court that he has a job starting April 13, 2009 earning $85,000.00 per year with Spectrum Lab." Again, the record contains no evidence with respect to defendant's future employment. Thus, the record contains no competent evidence to support these findings. Newman v. Newman, 64 N.C. App. 125, 129, 306 S.E.2d 540, 543, disc. review denied, 309 N.C. 822, 310 S.E.2d 351 (1983) ("Findings of fact must be supported by competent evidence.").
Without these findings, Paragraph 7 of the trial court's conclusions of law is left unsupported. Paragraph 7 states:
The February 22, 2007 Order in the matter establishes the Defendant's permanent child support and alimony obligation and the Defendant must file a legally sufficient motion to modify child [sic] and alimony. The January 28, 2009 motion is legally insufficient since it does not allege a substantial change in circumstances. The January 25, 2008 motion is insufficient because it does not pertain to the Defendant's current circumstances since he was fully employed for a substantial period after the January 25, 208 [sic] motion was filed."
Therefore, we vacate the order dismissing defendant's motion and remand the matter for a determination on the merits. Robertson v. Robertson, 167 N.C. App. 567, 574, 605 S.E.2d 667, 671 (2004) ("It is well established that a trial court's conclusions of law must be supported by its findings of fact.").
Vacated and remanded.
Judges WYNN and STEPHENS concur.
Report per Rule 30(e).