CLAYTON BOWEN TURNER v. THERESA HARTLEY TURNER

No. 8229DC507

(Filed 4 October 1983)

1. **Rules of Civil Procedure § 52— necessity for separate findings and conclusions**
    G.S. 1A-1, Rule 52(a)(1) requires that the findings of fact and conclusions of law be stated separately.

2. **Divorce and Alimony § 21.9— equitable distribution of marital property— duties of trial court**
    In making an equitable distribution of marital property under G.S. 50-20(c), the trial court must first ascertain what is marital property, then find the net value of that property, and finally make a distribution based upon the equitable goals of the statute and the various factors specified therein.

3. **Divorce and Alimony § 21.9— equitable distribution of marital property— house purchased before marriage**
    If a house was purchased by plaintiff before marriage, it was error for the trial court to subject the house, as such, to equitable distribution, since the house was "separate" rather than "marital" property. If, however, an equity in the house developed during the marriage because of improvements or payments contributed to by defendant wife, that equity could be marital property and, if not marital property, would be a factor requiring consideration by the court, along with other factors specified in the statute, in determining how much of the marital property each party is entitled to receive.

4. **Divorce and Alimony § 21.9— equitable distribution of marital property— house and stock— insufficient findings**
    The trial court's findings were insufficient to support an equitable distribution of the equity in a house owned by plaintiff husband and shares of stock purchased by plaintiff through his employer. In making an equitable distribution of such property upon remand of this case, the trial court must make findings as to the date plaintiff bought the house; the price of the house, the amount paid down, and the amount of the mortgage on the house;

plaintiff's equity in the house when the parties were married; the amount of the mortgage payments and cost of improvements made on the house during the marriage; the earnings of each party; defendant wife's contributions to either the equity in the house or the family expenses; the wife's contributions, if any, to the purchase of the stock; and the income, means, debts or needs of each party when the divorce occurred.

APPEAL by plaintiff from *Guice, Judge.* Judgment entered 12 February 1982 in District Court, RUTHERFORD County. Heard in the Court of Appeals 17 March 1983.

Plaintiff sued for divorce based upon one year's separation. In her answer, defendant joined in the prayer for divorce and counterclaimed for equitable distribution of marital property. The evidence of record, by no means clear or without contradiction, tends to show the following:

Plaintiff and defendant were married in September, 1976. They resided in a house encumbered by a deed of trust that plaintiff had purchased earlier. About a month before the marriage, plaintiff refinanced the loan on the house in an amount not disclosed by the record, and certain improvements were made to the house at that time. Title to the home was vested solely in plaintiff and he was the sole obligor under the note and deed of trust.

In the months following the marriage, other repairs to the house were made, the cost of which is not clear. Some of the repairs and additions were paid through a loan that both parties signed; others were paid from an insurance settlement for damages to the house, the basis for which, other than that the damage was done by a sheet rock contractor, is not shown.

During the first two years or so of the marriage, plaintiff paid all the household bills. After that until their separation, defendant paid the bills, partly from a biweekly allowance received from plaintiff for that purpose in the amount of $250 -$300, and partly from her own funds. Defendant did most of the housekeeping. During the marraige both parties were regularly employed; plaintiff's salary was substantially higher than defendant's salary; defendant also received intermittant payments from her first husband for the support of a child born of that marriage, but the full payments required of the former husband were not insisted upon by defendant.

When they separated, defendant moved out of the house, and thereafter plaintiff made payments on the deed of trust, as well as on a commercial loan signed by both parties.

Other than the house, the only asset in controversy was a number of shares of stock in plaintiff's employer, Duke Power Company. The stock was purchased by plaintiff under a plan whereby from two to six percent of his salary was deducted from his earnings each pay period and Duke increased whatever was deducted by fifty percent; but the company's contributions did not vest until a three-year waiting period had passed. During 1976, plaintiff's salary was $12,448. Defendant testified without corroboration that plaintiff purchased stock at the rate of $74 per month.

After findings and conclusions referred to in the opinion, it was adjudged that defendant is entitled to one-half the value of the house at the date of the divorce, less the outstanding mortgage balance, and to one-half of the value of the stock acquired during the term of the marriage, and the matter was left open for further evidence as to the values involved.

*Arledge, Callahan & Franklin, by Hugh J. Franklin and J. Christopher Callahan, for plaintiff appellant.*

*George R. Morrow for defendant appellee.*

PHILLIPS, Judge.

The findings and conclusions made by the trial court are as follows:

That the parties were married September 11, 1976 and lived together until October 20, 1980.

That both the plaintiff and defendant were employed during the term of the marriage and that the wife worked at public works and in the home and is entitled to equitable distribution of the property of the plaintiff which she helped acquire.

That the plaintiff has acquired Duke Power stock at the rate of $74.00 per month for his contribution and the wife is entitled to one-half of said stock acquired through the term of the marriage.

That the plaintiff purchased a house one month before the marriage and the same was appraised by Citizens Federal Savings & Loan Association of Rutherfordton at that time and that the defendant has helped pay for same and also improve said house and is entitled to one-half of the equity in said house as of the date of the divorce.

That the defendant shall inquire through subpoena or otherwise as to the number of shares of Duke Power stock owned or to which plaintiff had a beneficial interest as of this date and plaintiff is enjoined from disposing of more than one-half of said stock pending the final hearing in this matter.

That the parties shall have the marital residence appraised by the Citizens Federal Savings & Loan Association of Rutherfordton as to its value as of February 4, 1982 and plaintiff is enjoined from encumbering or conveying same pending the further hearing in this matter.

That said cause shall come on for further hearing before the undersigned at which time both parties may offer additional evidence as to the value of said marital property above described to achieve an equitable distribution.

[1] These findings and conclusions are inadequate or incorrect for several reasons. For one thing, the findings of fact and conclusions of law are not stated separately, as Rule 52(a)(1) of the North Carolina Rules of Civil Procedure requires. This requirement is not a mere technicality; it serves a necessary purpose. Only by examining specific findings and conclusions can either the litigants, the trial court, or a reviewing court determine if there has been a correct application of law to fact. *Quick v. Quick,* 305 N.C. 446, 290 S.E. 2d 653 (1982). Nor do the written findings and conclusions "support the determination that the marital property has been equitably divided," as G.S. 50-20(j) directs.

[2] Under G.S. 50-20(c), equitable distribution applies only to the net value of marital property. This requires the trial court to first ascertain *what is marital property,* then to find the net value of that property, and finally to make a distribution based upon the equitable goals of the statute and the various factors specified therein. This has not been done in this instance, as a consequence of which the findings and conclusions as to the house and stock are either inadequate or erroneous or both.

[3]   If the house was purchased by plaintiff before the marriage, as the finding states, then it was error to subject the house, *as such*, to equitable distribution, since under G.S. 50-20(a)(2), property acquired by a spouse before marriage is "separate," rather than "marital," property. If, however, an equity in this property developed during the marriage because of improvements or payments contributed to by defendant, that equity (as distinguished from a mere increase in value of separate property, excluded by the statute) could be marital property, in our opinion, upon appropriate, supportable findings being made. And if not marital property, such equity, if it developed, would be a factor requiring consideration by the court, along with the other factors specified in the statute, before determining how much of the marital property each party is entitled to receive. The stock also could be marital property if appropriate, supportable findings are made. But the findings made do not support the division ordered.

[4]   There are no findings as to: the date plaintiff bought the house, the price, amount paid down, the amount of the mortgage, his equity when they got married; the amount of the mortgage payments and the cost of the improvements made during the marriage; the earnings of each party; her contributions to either the equity in the house or the family expenses; her contributions, if any, to the purchase of the stock; the income, means, debts or needs of each party when the divorce occurred. In undertaking to divide the properties equally and leaving until later an ascertainment of their values, the court put the cart before the horse. Upon remand, these and other pertinent findings required by the circumstances and the statute should be made before any division is ordered. By mentioning some of the findings that this case requires, we do not imply that others are not also needed. After reconsidering the evidence already submitted, receiving such additional evidence as is deemed proper, and otherwise complying with the statutory provisions which govern this proceeding, no doubt the trial court will find it necessary and appropriate to make other findings and conclusions, as well.

Reversed and remanded for additional proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge VAUGHN and Judge BECTON concur.