GILBERT A. SOARES v. CAROLYN SOARES

No. 8615DC1241

(Filed 7 July 1987)

1. **Divorce and Alimony § 30— equitable distribution—sale of marital home ordered—appealability of order**

    Though the trial court's order requiring that the marital home be sold was not a final judgment by its own terms, it nevertheless involved a substantial right, and defendant was entitled to an immediate appeal.

2. **Divorce and Alimony § 17— abandonment—insufficiency of findings**

    The trial court's findings were too vague to resolve the critical question raised by defendant as to whether plaintiff did, in fact, abandon defendant either *actually* or *constructively*.

3. **Divorce and Alimony § 30— equitable distribution—marital home—failure to place value on—error**

    The trial court in an equitable distribution proceeding erred in entering an order regarding the sale of the marital home where the court, though it

made some findings and conclusions regarding marital property, did not place a value on the home.

APPEAL by defendant from *Hunt, Judge.* Order entered 13 June 1986 in District Court, ORANGE County. Heard in the Court of Appeals 8 June 1987.

This is a civil action wherein plaintiff seeks an absolute divorce from defendant, equitable distribution of marital property and a determination of custody and support of children. Defendant filed an answer and counterclaim seeking divorce from bed and board, custody and support of children, alimony and attorney's fees.

On 9 August 1985, the trial court entered a judgment of absolute divorce, awarding custody of the minor children to defendant and ordering that "[t]he issues of alimony, equitable distribution of marital property, and child support are held open for further decision by the Court." On 13 June 1986, the court entered a judgment denying defendant's claims for alimony and attorney's fees and ordering that the marital residence be sold for not less than $140,000, apparently the appraised value of the property. The court found and concluded that an equitable distribution of the marital property may properly be made only upon the sale of the marital residence, and ordered that "[t]his matter is retained for further orders of this Court." Defendant appealed.

*Wishart, Norris, Henninger & Pittman, P.A., by June K. Allison, for plaintiff, appellee.*

*Edward J. Falcone for defendant, appellant.*

HEDRICK, Chief Judge.

[1] The judgment from which this appeal is taken is not a final judgment by its own terms. In our opinion, however, the order that the marital home be sold involves a substantial right from which defendant is entitled to an immediate appeal. G.S. 1-277.

[2] Defendant contends the trial judge erred in denying her claim for alimony based on abandonment. Abandonment is a legal conclusion which must be based upon factual findings supported by competent evidence. *Patton v. Patton*, 78 N.C. App. 247, 337 S.E. 2d 607 (1985), *rev'd in part on other grounds*, 318 N.C. 404,

348 S.E. 2d 593 (1986). The trial court based its denial of plaintiff's claim for alimony on the findings or conclusions that:

9. The evidence shows that the plaintiff and defendant each failed to communicate properly with one another, but the evidence fails to show that the plaintiff committed any of the acts enumerated in G.S. 50-16.2 such as would entitle the defendant to an award of alimony.

10. Specifically, the Court finds as a fact that although the plaintiff actually moved from the marital dwelling, the precipitating factor was the constructive abandonment of each party, one by the other, sometime prior to the actual move.

These quoted findings or conclusions are not sufficient to support the conclusion that either spouse constructively abandoned the other. These findings made by the trial court are too vague to resolve the critical question raised by defendant as to whether the plaintiff did in fact abandon defendant, either actually or constructively. The order denying defendant's claim for alimony must be vacated and this claim remanded to the district court for more detailed findings and conclusions with respect to defendant's claim for alimony.

[3] Defendant argues the trial judge erred in entering an order regarding child support and the sale of the marital home. It is well-settled that where alimony, child support and equitable distribution of marital property are requested, the equitable distribution of the property must be decided first. *Talent v. Talent*, 76 N.C. App. 545, 334 S.E. 2d 256 (1985); *McIntosh v. McIntosh*, 74 N.C. App. 554, 328 S.E. 2d 600 (1985); *Capps v. Capps*, 69 N.C. App. 755, 318 S.E. 2d 346 (1984).

G.S. 50-20(c) requires the trial court to determine what is marital property, then to find the net value of the property and finally to make an equitable distribution of that property. *Turner v. Turner*, 64 N.C. App. 342, 307 S.E. 2d 407 (1983). Although the court in the present case made some findings and conclusions regarding marital property, it did not place a value on the marital home. Thus, the order that the marital home be sold for not less than $140,000 is at least premature. The appraised value of the property is not the net value of the property in question. Only the

court can place a value upon the property from the evidence. In this case, the court has not placed a value upon the marital property. Thus, the order appealed from, including the specific order that the property be sold for not less than $140,000, must be vacated and the cause remanded for further proceedings.

Vacated and remanded.

Judges PHILLIPS and ORR concur.