THOMAS v. THOMAS

[102 N.C. App. 127 (1991)]

---

WOODROW LEON THOMAS, PLAINTIFF v. RUTH OAKLEY THOMAS, DEFENDANT

No. 9011DC797

(Filed 5 March 1991)

**Divorce and Separation § 135 (NCI4th) — equitable distribution — order that commissioners sell property and divide proceeds — error**

The trial court erred in an equitable distribution action by appointing commissioners to sell the property and divide the net proceeds after paying expenses and costs. The trial judge did not satisfy the requirement of N.C.G.S. § 50-20(a) that the judge place a value on the property.

**Am Jur 2d, Divorce and Separation § 937.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

APPEAL by plaintiff from *Stephenson (Samuel S.), Judge.* Judgment entered 16 February 1990 in District Court, LEE County. Heard in the Court of Appeals 13 February 1991.

THOMAS v. THOMAS

[102 N.C. App. 127 (1991)]

Plaintiff husband appeals from an order purporting to equitably distribute marital property pursuant to G.S. 50-20.

The equitable distribution order in pertinent part provides:

1. G. Hugh Moore and A.B. Harrington, III are appointed as Commissioners to make private and/or public sale of all marital real and personal property; that after the payment of all outstanding liens against the marital property and payment of court costs, cost of sales, trial transcripts and costs of advertising, the net proceeds . . . shall be divided equally between the plaintiff, Woodrow Thomas, and defendant, Ruth Thomas.

2. That the plaintiff shall be credited with the amount by which he decreased the principal owed on the marital home . . . and the marital workshop . . . .

3. That from the said sales proceeds, the defendant . . . shall receive an additional $700.00 on her equal share, a credit on . . . (sale of blue Ford truck).

4. That from the said sales proceeds of the marital property, the plaintiff . . . shall receive an additional $1,100.00 on his equal share, a credit on . . . (sale of Dutchcraft Trailer).

5. That both parties are hereby enjoined . . . from transferring, conveying, and secreting, or disposing of any marital property . . . pending sale of said marital properties.

*G. Hugh Moore for plaintiff, appellant.*

*A. B. Harrington, III, for defendant, appellee.*

HEDRICK, Chief Judge.

G.S. 50-20(c) requires the trial court to determine what is marital property, then to find the net value of the property and finally to make an equitable distribution of that property. *Turner v. Turner,* 64 N.C. App. 342, 307 S.E.2d 407 (1983); *Soares v. Soares,* 86 N.C. App. 369, 357 S.E.2d 418 (1987).

The parties agree on appeal that the trial judge "does not even list all of those items which appear on both defendant's . . . and plaintiff's equitable distribution affidavit, items which both parties agreed should be included as marital property." This simply

means the parties agree that the trial judge did not determine what property was or is all of the marital property.

We held in *Little v. Little* that G.S. 50-20(a) makes it incumbent upon the court to determine what is marital property. "Thus, the Act mandates a complete listing of marital property, and an order that fails to do so is fatally defective." *Little v. Little*, 74 N.C. App. 12, 17, 327 S.E.2d 283, 288 (1985).

By appointing commissioners to sell the property and divide the net proceeds after paying expenses and costs, the trial judge did not satisfy the requirement of the statute that the judge must place a value on the property. In *Soares*, we said "[o]nly the court can place a value upon the property from the evidence." *Soares v. Soares*, 86 N.C. App. 369, 372, 357 S.E.2d 418, 419 (1987).

Thus, we hold the order in the present case is fatally defective and must be vacated and the cause will be remanded to the District Court for further proceedings.

Vacated and remanded.

Judges COZORT and LEWIS concur.