GLENDA S. GUM, PLAINTIFF-APPELLEE v. HOWARD L. GUM, DEFENDANT-APPELLANT

No. 9128DC886

(Filed 20 October 1992)

1. **Divorce and Separation § 123 (NCI4th)— equitable distribution—post-separation appreciation of marital assets— distribution improper**

   The trial court erred in distributing the post-separation passive appreciation of two marital assets equally between the parties because post-separation appreciation of a marital asset, whether passive or due to the efforts of an individual spouse, is not marital property and cannot be distributed by the trial court. Rather, the increase in the value of marital assets between the date of separation and the date of the equitable distribution is a factor which the court must consider in its determination of what constitutes an equitable distribution of the marital estate. N.C.G.S. §§ 50-20(c)(1), (c)(11a), (c)(12).

   **Am Jur 2d, Divorce and Separation §§ 870, 878-880, 915.**

   **Divorce: equitable distribution doctrine. 41 ALR4th 481.**

GUM v. GUM

[107 N.C. App. 734 (1992)]

2. **Divorce and Separation § 150 (NCI4th) — equitable distribution — child custody not distributional factor — need for marital home inapplicable**

The fact that plaintiff wife has custody of the children born of the marriage is not alone a proper distributional factor pursuant to N.C.G.S. § 50-20(c). Furthermore, the provision of N.C.G.S. § 50-20(c)(4) permitting the court to consider the need of a custodial parent to occupy or own the marital residence was inapplicable where the marital residence had been sold by the parties prior to the equitable distribution trial.

**Am Jur 2d, Divorce and Separation §§ 915-929.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

3. **Divorce and Separation § 152 (NCI4th) — equitable distribution — distributional factor — monetary value not required**

The trial court in an equitable distribution proceeding was not required to place a monetary value on plaintiff wife's direct contribution to defendant husband's legal education and career development in order to consider this contribution as a distributional factor. N.C.G.S. § 50-20(c)(8).

**Am Jur 2d, Divorce and Separation §§ 915, 937, 943.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

4. **Divorce and Separation § 180 (NCI4th) — equitable distribution — unequal division — appellate review**

The trial court's determination that an unequal division of the marital property is equitable will not be disturbed on appeal absent a clear showing of an abuse of discretion.

**Am Jur 2d, Divorce and Separation § 930; Appeal and Error §§ 772-775.**

**Divorce: excessiveness or adequacy of trial court's property award — modern cases. 56 ALR4th 12.**

5. **Appeal and Error § 342 (NCI4th) — cross-assignment of error — failure to give notice of appeal**

Plaintiff's attempted cross-appeal is dismissed where plaintiff set forth two assignments of error in the record on appeal requesting that the trial court's equitable distribution order

be reversed in part but plaintiff failed to file a written notice of appeal in accordance with Appellate Procedure Rule 3(a).

**Am Jur 2d, Appeal and Error § 678.**

APPEAL by defendant from order entered 10 July 1990 in BUNCOMBE County District Court by *Judge Peter L. Roda.* Heard in the Court of Appeals 21 September 1992.

Plaintiff instituted this action on 3 December 1987 by complaint requesting alimony without divorce, child custody and support, and equitable distribution. By separate action, the parties were granted an absolute divorce on 28 March 1988, and on 13 May 1991 the trial court entered an order of equitable distribution. The court valued the net marital estate at $57,769.00 and awarded 75% of the estate to plaintiff wife and 25% to defendant husband. In doing so, the court found as facts:

> That because of the Plaintiff's [Wife's] providing for the legal education of the Defendant [Husband], and because of her necessity to remain in the home and care for the parties' children, therefore being unable to enhance her own earning capacity; it would be equitable that the Plaintiff [Wife] receive a greater share of the property of the parties and therefore a division of the marital property allowing the Plaintiff [Wife] to receive a 75% and the Defendant [Husband] 25% would be equitable.

The court then concluded as a matter of law:

> That because of the difference in the income of the parties as shown in the Findings of Fact and because the wife has the custody of the children and because of the direct contribution made by the wife to educate and develop the career potential of the husband, an unequal distribution of the property would be equitable and a division giving the wife 75% of the marital assets . . . would be an equitable distribution.

The court further found that two marital assets, one being the marital interest in the building housing defendant husband's law practice and the other being the escrow account into which the proceeds from the sale of the marital home had been placed, had increased in value since the date of the parties' separation in a total net amount of $19,941.41. The court then "determine[d] that said increase in value of the assets should be equally divided

between the parties and therefore each party to receive $9,745.71 of said increase. . . . "

Defendant appeals from the entry of the order of equitable distribution.

*John E. Shackelford for plaintiff-appellee.*

*Adams, Hendon, Carson, Crow & Saenger, P.A., by S. J. Crow and Lori M. Glenn, for defendant-appellant.*

LEWIS, Judge.

[1] We will first address appellant's second argument wherein he contends that the trial court erred in distributing the post-separation appreciation of two of the marital assets equally between the parties. Specifically, the court found that the building housing the defendant's law firm was in part marital property and distributed the marital interest in the building to defendant husband. The court then found that the building had increased in value between the date of separation and the date of trial as the result of "passive appreciation" and mortgage reduction in the net amount of $16,955.67. The court also found that the escrow account containing the proceeds from the sale of the marital home was marital property and distributed that account to plaintiff wife. The court then concluded that the account had increased in value by $3,272.01 since the date of separation. The court ordered that the appreciation of both assets be distributed by awarding plaintiff wife the entire $3,272.01 from the growth of the escrow account and by ordering defendant husband to pay plaintiff wife cash in the amount of $6,473.70 in order to bring her total share of the combined appreciation to 50%. We agree that the trial court erred in this distribution.

Pursuant to N.C.G.S. § 50-20(a), the trial court may only distribute marital property. N.C.G.S. § 50-20(a) (Supp. 1991); *Wade v. Wade,* 72 N.C. App. 372, 378, 325 S.E.2d 260, 267, *disc. rev. denied,* 313 N.C. 612, 330 S.E.2d 616 (1985). N.C.G.S. § 50-20(b)(1) specifically defines "marital property" to mean only that property acquired "before the date of the separation." N.C.G.S. § 50-20(b)(1) (Supp. 1991). Post-separation appreciation of a marital asset, whether passive appreciation or appreciation due to the efforts of an individual spouse, is not therefore marital property and cannot be

distributed by the trial court. *Truesdale v. Truesdale*, 89 N.C. App. 445, 448, 366 S.E.2d 512, 514 (1988).

The increase in the value of marital assets between the date of separation and the date of the equitable distribution trial is a factor which the court must consider in its determination of what constitutes an equitable distribution of the marital estate pursuant to N.C.G.S. §§ 50-20(c)(1), (c)(11a), or (c)(12); *Mishler v. Mishler*, 90 N.C. App. 72, 77, 367 S.E.2d 385, 388, *disc. rev. denied*, 323 N.C. 174, 373 S.E.2d 111 (1988). In this particular case, the trial court found that both assets gained value as the result of "passive appreciation" rather than as the result of the individual effort of either party. The applicable sections of the statute in this case would therefore be (c)(1) or (c)(12). Rather than distributing the sums representing the appreciation, the trial court must consider the existence of this appreciation, determine to whose benefit the increase in value will accrue, and then consider that benefit when determining whether an equal or unequal distribution of the marital estate would be equitable.

Defendant further argues that the trial court erred in finding as fact that the value of the building had increased due to passive appreciation rather than due to his individual efforts following separation. Findings of fact by the trial court are upheld on appeal as long as they are supported by competent evidence. *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986). Defendant appellant has failed to provide this Court with a transcript of the proceedings at the trial level and the record does not contain a recitation of the evidence presented. As appellant has the burden of showing error, we must assume that this finding by the trial court was in fact supported by competent evidence.

Defendant also argues that the trial court erred in finding and concluding that 75%-25% division of the marital estate is an equitable division of the marital property. The order of the trial court states that the unequal division is supported by "the difference of the income of the parties . . ., [the fact that] the wife has the custody of the children," and the fact that the wife made direct contributions to the legal education and career development of defendant husband by securing employment which provided the income for the support and maintenance of the family while defendant attended law school. Defendant contends that the trial court erred in considering custody and erred in failing to place a monetary

GUM v. GUM

[107 N.C. App. 734 (1992)]

value upon plaintiff's "direct contributions" to defendant's education prior to finding that contribution as a distributional factor.

[2] We agree that the fact that plaintiff wife has custody of the children born of the marriage is not alone a proper distributional factor pursuant to N.C.G.S. § 50-20(c). Section (c)(4) of the statute mandates that the court consider "[t]he need of a parent with custody of a child or children of the marriage to occupy or own the marital residence and to use or own its household effects." N.C.G.S. § 50-20(c)(4) (Supp. 1991). In the present case, the marital residence had been sold by the parties prior to the equitable distribution trial and there is no mention in the record of the household effects of the parties nor of the need of plaintiff to have the use of those effects in order to properly care for the children.

Further, custody is not an appropriate consideration within § (c)(12). The only factors considered "just and proper" within the meaning of that section are those relating to "the source, availability, and use by a wife and husband of economic resources during the course of their marriage." *Smith v. Smith*, 314 N.C. 80, 86, 331 S.E.2d 682, 686 (1985). In addition, N.C.G.S. § 50-20(f) specifically requires that the court "provide for an equitable distribution without regard to alimony for either party or support of the children of both parties." N.C.G.S. § 50-20(f) (Supp. 1991).

[3] We do not agree with defendant husband's contention that the court is required to place a value on what it found to be plaintiff wife's "direct" contribution to defendant's legal education and career development. The trial court specifically found that plaintiff provided the income needed to support and maintain the couple while defendant attended law school and further found that plaintiff remained in the home and cared for the children born of the marriage thereby allowing defendant to gain experience in the practice of law and increase his earning potential. The trial court is required to consider evidence of such contributions as a distributional factor according to N.C.G.S. § 50-20(c)(8). There is no language within § (c) which would indicate that the trial court is required to place a monetary value on any distributional factor and we decline to impose such an unnecessary burden upon the trial court.

[4] Finally, defendant argues that the division of 75% of the marital assets to plaintiff wife and 25% to defendant husband was not equitable. As we are remanding this matter to the trial court to

HENDERSON & CORBIN v. WEST CARTERET WATER CORP.

[107 N.C. App. 740 (1992)]

re-evaluate the distribution of marital assets in accordance with this opinion, we do not specifically address this contention. We will note, however, that the trial court's determination that this unequal division is equitable will not be disturbed on appeal absent a clear showing of an abuse of discretion. *White v. White*, 312 N.C. 770, 776-77, 324 S.E.2d 829, 832-33 (1985).

[5] Plaintiff has attempted to cross-appeal by setting forth two assignments of error in the record on appeal requesting that the equitable distribution order of the trial court be reversed in part. Plaintiff did not, however, file a written notice of appeal in accordance with Rule 3(a) of the North Carolina Rules of Appellate Procedure. As "[a]ppellate Rule 3 is jurisdictional," *Currin-Dillehay Building Supply, Inc. v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 683, *disc. rev. denied*, 327 N.C. 633, 399 S.E.2d 326 (1990), plaintiff's cross-appeal must be dismissed.

The order of equitable distribution is vacated and the matter is remanded to the trial court for an entry of judgment in accordance with this opinion. Plaintiff's cross-appeal is dismissed.

Chief Judge HEDRICK and Judge WYNN concur.