An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-700
NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

HAYLEY L. HARRISON-FLOYD,
    Plaintiff

    v.                                    Pitt County
                                          No. 09 CVD 3555
JEFFREY W. FLOYD,
    Defendant.

Appeal by defendant from judgment entered 10 January 2013 by Judge Darrell B. Cayton, Jr. in Pitt County District Court. Heard in the Court of Appeals 6 November 2013.

> *Pritchett & Burch, PLLC, by Lloyd C. Smith, Jr., Lloyd C. Smith, III, and R. Gray Jernigan, for plaintiff-appellee.*
>
> *W. Gregory Duke for defendant-appellant.*

DAVIS, Judge.

Jeffrey W. Floyd ("Defendant") appeals from the trial court's equitable distribution judgment. On appeal, he argues that the trial court erred in (1) distributing the second mortgage on the parties' marital residence to him; and (2) making an equal division of the net marital estate. After careful review, we conclude that Defendant's interlocutory

appeal does not implicate a substantial right and should be dismissed.

**Factual Background**

Hayley L. Harrison-Floyd ("Plaintiff") and Defendant were married on 29 November 1993, separated on 15 January 2010, and divorced on 4 August 2011. Two minor children were born of the marriage. On 12 October 2009, Plaintiff filed a complaint against Defendant seeking divorce from bed and board, child custody and support, and equitable distribution. Defendant filed an answer and counterclaim on 20 October 2009 seeking divorce from bed and board, child custody, child support, equitable distribution and interim equitable distribution, post-separation support and alimony, and attorney's fees.

On 20 February 2010, the trial court entered an order (1) granting the parties temporary joint legal and physical custody of the minor children; (2) granting Defendant's claim for divorce from bed and board; (3) ordering Plaintiff to pay child support and post-separation support to Defendant; (4) ordering Plaintiff to vacate the former marital residence; and (5) requiring Defendant to pay at least $200 per month towards the equity line of credit encumbering the former marital residence. On 29 February 2012, the trial court entered an amended

pretrial order by consent of the parties regarding their claims for equitable distribution. The pretrial order set forth several stipulations as to the classification and valuation of certain property and listed other property as to which the parties disputed either the value, the classification, or both.

An equitable distribution hearing was held on 20 September 2012, and the trial court entered a judgment of equitable distribution on 10 January 2013. In its judgment, the trial court determined that the former marital residence was Plaintiff's separate property and, for this reason, was not subject to equitable distribution. The trial court also concluded that an equal division of the net marital estate was equitable. Defendant filed a notice of appeal on 4 February 2013.

**Analysis**

As an initial matter, we must determine whether we have jurisdiction over Defendant's interlocutory appeal. "A judgment is either interlocutory or the final determination of the rights of the parties." N.C.R. Civ. P. 54(a).

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case,

but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (citation omitted). The 10 January 2013 equitable distribution judgment leaves open for future resolution the parties' claims for permanent child custody and permanent child support and, therefore, does not dispose of the entire case. As such, it is interlocutory.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Review of an interlocutory judgment is permissible, however, when the judgment (1) affects a substantial right which would be lost absent immediate review, N.C. Gen. Stat. § 1-277(a); or (2) is final as to some but not all of the claims or parties and the trial court has certified the case for immediate appellate review pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995).

Here, the trial court did not make a Rule 54(b) certification as to the equitable distribution judgment from which Defendant seeks to appeal. Thus, the dispositive question

for jurisdictional purposes is whether the trial court's judgment affects a substantial right such that Defendant's appeal is properly before this Court. *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000).[1]

Our courts have described a substantial right as one that "materially affect[s] those interests which a man is entitled to have preserved and protected by law: a material right." *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) (citation and quotation marks omitted). The party seeking to appeal from an interlocutory order has the burden of establishing that a substantial right would be jeopardized unless he is permitted to immediately appeal. *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001).

Here, Defendant acknowledges the interlocutory nature of the trial court's equitable distribution judgment but claims

---

[1] We note that the General Assembly has recently amended Article 1 of Chapter 50 to create a statutory right of immediate appeal "from an order or judgment adjudicating a claim for absolute divorce, divorce from bed and board, child custody, child support, alimony, or equitable distribution if the order or judgment would otherwise be a final order or judgment within the meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same action." 2013 N.C. Sess. Law 411, § 2. This act became effective when it was signed into law by the Governor on 23 August 2013 and, as such, does not apply to Defendant's appeal, which was noticed on 4 February 2013.

that the 10 January 2013 judgment affects a substantial right based on our decision in *Soares v. Soares*, 86 N.C. App. 369, 357 S.E.2d 418 (1987). We disagree.

In *Soares*, the defendant sought to appeal from an order denying her claim for alimony and ordering the sale of the marital home in order to effectuate the equitable distribution of the parties' marital property. The order specifically held open the matter for determination of the parties' claims for equitable distribution and child support and, thus, was "not a final judgment by its own terms." *Id.* at 370, 357 S.E.2d at 418. This Court concluded, however, that because the trial court's order required the sale of the marital residence, it affected a substantial right and entitled the defendant to an immediate appeal. *Id.*

Here, conversely, the trial court did not direct the sale of the marital home; rather, it simply determined that the residence was Plaintiff's separate property and that only the value of the improvements made during the parties' marriage constituted marital property subject to distribution. Defendant does not dispute the classification of the residence in his brief. Instead, he argues that the trial court abused its discretion because its "decision to distribute the equity line

of the mortgage debt to the non-title holder of the real property creates an untenable situation for both the Plaintiff and the Defendant" in that Defendant is required to pay a debt on a home he neither owns nor possesses and Plaintiff's ability to own and possess the home is dependent on Defendant's ability to pay the debt.

Defendant has failed to demonstrate how the present case is analogous to our decision in *Soares*. Nor has he offered any other argument as to why the trial court's distributional scheme would "work injury . . . if not corrected before appeal from final judgment." *Goldston*, 326 N.C. at 726, 392 S.E.2d at 736; *see Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 ("The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right.") (emphasis in original)), *disc. review denied*, 363 N.C. 653, 686 S.E.2d 515 (2009); *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) ("[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal . . . .").

"Our courts have generally taken a restrictive view of the substantial right exception. . . . [and] [i]nterlocutory appeals that challenge only the financial repercussions of a separation

or divorce generally have not been held to affect a substantial right." *Embler*, 143 N.C. App. at 166, 545 S.E.2d at 262 (determining that equitable distribution order was interlocutory and not immediately appealable because custody, child support, and alimony issues had not yet been resolved and appellant failed to show substantial right was affected). We conclude that Defendant has failed to establish that a substantial right will be affected unless he is allowed to immediately appeal from the trial court's 10 January 2013 judgment. Accordingly, we dismiss Defendant's appeal.

## Conclusion

For the reasons stated above, Defendant's interlocutory appeal is dismissed.

DISMISSED.

Judges ELMORE and McCULLOUGH concur.

Report per Rule 30(e).